# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| Darnell L. Hunter, #260730, | ) | C/A No. 4:08-1050-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden McKither Bodison, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Darnell Hunter ("Petitioner/Hunter"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 31, 2008. Petitioner filed an amended petition on June 13, 2008. Respondent filed a motion for summary judgment on September 18, 2008, along with supporting memorandum. The undersigned issued an order filed September 19, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on September 26, 2008, and respondent filed a reply on October 6, 2008. On October 14, 2008, respondent filed a motion to supplement the return seeking an order to include a copy of the "opinion from the South Carolina Court of Appeals, though cited in the return, was inadvertently omitted from the state court documents listed and submitted as attachments to the return." (Doc. # 38). This motion was granted on October 20, 2008. An order was

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

also issued on October 20, 2008, denying petitioner's motion to hold his case in abeyance but giving petitioner an additional thirty (30) days to file any additional response in opposition to respondent's motion for summary judgment pursuant to the <u>Roseboro</u> Order of September 19, 2008. (Doc. #40). Plaintiff filed a response in opposition and a motion for summary judgment on October 22, 2008. (Docs. #44 and 45).

## I. PROCEDURAL HISTORY

There has been no significant opposition filed as to the procedural history as set out by the Respondent. Therefore, the undisputed procedural history as set out in Respondent's memorandum will be discussed below.

Petitioner is currently incarcerated in the McCormick Correctional Institution pursuant to an order of commitment from the Clerk of Court of Darlington County. A Darlington County Grand Jury indicted Petitioner in January 1999 for the murder of Fletcher Alford. (PCR App. p. 998).

Robert L. Kilgo, Jr., Esq., and Newton I. Howle, Esq., represented petitioner on the charge. A jury trial was held on August 28, 1999, before the Honorable James E. Lockemy. The jury convicted Petitioner of the lesser offense of voluntary manslaughter. (PCRApp. p. 847). The judge sentenced Petitioner to twenty-four (24) years imprisonment. (PCR App. p. 859). Petitioner appealed.

Katherine Carruth Link, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a Final Brief of Appellant in the South Carolina Court of Appeals on August 8, 2000, and raised the following issue:

Were the jury irregularities throughout this trial and the circumstances surrounding the removal of juror Scott so inherently prejudicial to the defendant that he was

entitled to a mistrial?

(Final Brief of Appellant, p. 1).

The State filed its final brief on August 1, 2000.  The Court of Appeals affirmed the  conviction and sentence in an unpublished opinion filed March 22, 2001. <u>State v. Hunter</u>, Unpublished Opinion No. 2001-UP-159 (S.C.Ct.App. Filed March 22, 2001). On April 18, 2001, appellate counsel moved to be relieved of appointment, which the Court of Appeals granted on May  1, 2001. Petitioner filed a pro se petition for rehearing dated May 21, 2001, which was denied on  June 27, 2001. Petitioner filed a pro se petition for writ of certiorari September 17, 2001, and raised  the following issue:

> The jury irregularities in this case, and the ultimate removal of Juror Scott, raised an
> inference of improper contact between the Defendant and Scott and and [sic] so
> tainted the jury as to deny defendant the right o trial by a fair and impartial jury.

(Petition for Writ of Certiorari, p. 1).

The State filed its return to the petition on October 9, 2001. On January 10, 2002, the  Supreme Court of South Carolina denied the petition. On January 14, 2002, the South Carolina  Court of Appeals issued the remittitur.

On April 8, 2002, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

(a)  Trial counsel was ineffective and prejudiced Applicant by failing to make a
specific motion challenging the sufficiency of the state of mind of "heat of
passion" and "legal provocation" for a finding of guilty for the manslaughter
conviction;

(b)  Trial counsel was ineffective and prejudice Applicant by allowing the trial
judge to charge the jury with voluntary manslaughter when Applicant stated
he wanted purely murder and reckless homicide only;

(c)  Trial counsel was ineffective and prejudiced Applicant when he failed to
make a specific motion for judgement not withstanding the verdict
specifically stating that there was "no" evidence for the "state of mind" for

voluntary manslaughter;

(d) Trial counsel was ineffective and prejudice Applicant when he failed to make a specific challenge to the defects of the indictments and warrants charging the Applicant whereby the Applicant was no more than a drug task force agent proceeding into a drug war without a bullet proof vest and a loaded weapon against the most violent drug lord in the country;

(e) Trial counsel was ineffective and prejudice Applicant by failing to request a specific and correct charge on witness impeachment with prior inconsistent statements;

(f) Trial counsel was ineffective and prejudiced Applicant by failing to request a specific and correct charge on accomplice liability;

(g) Trial counsel was ineffective and prejudiced Applicant when he failed to properly inform Applicant of the advantages and disadvantages of pleading guilty or going to trial;

(h) Trial counsel was ineffective and prejudiced Applicant for failing to research the constitutionality of applicant's mandatory sentence;

(i) Appellant counsel was ineffective and prejudiced Applicant for failing to raise the issue of insufficient of evidence to support the voluntary manslaughter conviction;

(j) Appellant counsel was ineffective and prejudiced Applicant when she failed to raise the meritorious issue of quashing of the indictments, whereby the issue was properly preserve for appellant review;

(k) Appellant counsel was ineffective and prejudiced Applicant in failing to raise meritorious issues that were objected to and preserved for appellate review;

(1) The trial judge lacked jurisdiction to impose my sentence as the statutes controlling the execution of my sentence violated South Carolina Constitution Article XII, § 2.

(PCR App. pp. 865-884).

Though it is not clear when an amendment was filed, it appears petitioner offered an amendment on or about January 8, 2003, which was subsequently accepted at the evidentiary hearing on May 17, 2005, (PCR App. pp. 944-945), that added the following issues:

4

[m]     The trial counsel was ineffective and prejudiced applicant in violations of the Sixth and Fourteenth Amendments when he failed to make a motion to suppress and dismissal of the indictments based on a Double Jeopardy Violation;

[n]     Trial counsel was ineffective and prejudiced applicant when he failed to object to the burden shifting instructions of the Solicitor requesting a charge of Voluntary Manslaughter and the Trial Judge charging such charge which shifted the burden of proof to the applicant, Thereby, denying him of a fair trial in violations of applicant's Fifth and Fourteenth Amendment Rights.

(PCRApp. p.887).

On February 5, 2003, the State made its return. (PCR App. pp. 893-897). Henry M. Anderson, Jr., Esq., represented Petitioner in the action. (PCR App. p. 898). An evidentiary hearing was held May 17, 2005, before the Honorable J. Michael Baxley. At the conclusion of the hearing, the PCR judge denied relief. (PCR App. pp. 983-984). The judge issued a written order of dismissal on July 7, 2005. (PCR App. pp. 987-994). Petitioner appealed.

Wanda H. Carter, Deputy Chief Attorney of the South Carolina Office Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal.  Appellate counsel filed a Johnson Petition for Writ of Certiorari in the Supreme Court of South Carolina on June 5, 2006, and raised the following issue:

Trial counsel erred in failing to inform petitioner of the state's plea offers in this case.

(Johnson Cert. Petition, p. 2).

On June 6, 2006, the state court informed petitioner of his right to file a pro se response. By pro se petition dated July 20, 2006, Petitioner raised the following additional issues:

I)     Did the PCR judge erred when he failed to grant the PCR relief on ineffective assistance of counsel when trial counsel failed to make a motion "specifically" stating that there was "no" evidence of "heat of passion" an essential element that must be proved for a conviction of voluntary manslaughter?

5

II)     Did the PCR judge erred when he failed to grant the PCR relief on ineffective assistance of counsel when trial counsel failed to inform Petitioner of the advantages and disadvantages of pleading guilty or taking a trial in which counsel was "constitutionally" required to do so?

III)    Did the PCR judge erred when he failed to grant the PCR relief on ineffective assistance of counsel when trial counsel failed to object to the charge of voluntary manslaughter when trial counsel stated on the record that Petitioner wanted the charges to be charged to the jury "only" murder and reckless homicide?

IV)    Did the PCR judge erred when he failed to grant the PCR relief on ineffective assistance of counsel when counsel failed to request a "specific" charge to be charged to the jury on accomplice liability?

V)     Did the PCR judge erred when he failed to address and grant the PCR relief on the issue of trial judge lacked jurisdiction to impose my sentence as the statutes controlling the execution of my sentence violated South Carolina Constitution Article XIII, § 2 when in fact Petitioner presented to the PCR court an order from the S.C. Supreme Court specifically stating that PCR was the perfect forum to have the issue addressed and the PCR court did have subject matter jurisdiction to address the issue?

(Pro Se Brief, p. 2).

On August 22, 2006, the Supreme Court transferred the pending appeal to the South Carolina Court of Appeals. On October 5, 2007, the South Carolina Court of Appeals denied the petition, and on October 23, 2007, issued the remittitur.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, petitioner raised the following challenges to his conviction, quoted verbatim:

Ground One:         Ineffective Assistance of Counsel;

Supporting facts:   Trial counsel was ineffective when he failed to fully disclose to Petitioner and advise Petitioner of the advantages and disadvantages of pleading guilty or taking a trial in which he

was "constitutionally" required to do.

Ground Two:                Ineffective Assistance of Counsel;

Supporting facts:          Trial counsel was ineffective in failing to argue that the evidence in support of my conviction for voluntary manslaughter cannot be fairly characterized as sufficient to have led a rational trier of facts to find guilty beyond a reasonable doubt of all the essential elements of the charged crime.

Ground Three:              The state court based its decision on an unreasonable determination of facts in light of the evidence presented.

Supporting facts:          The PCR judge failed to address the issue of the trial judge lacked jurisdiction to impose my sentence as the statute controlling my sentence violated South Carolina Article 12 §2, when Petitioner presented an order from the S.C. Supreme Court, specifically stating that the PCR was the perfect forum to have the issue addressed, and the PCR court had subject matter jurisdiction to address it.

Ground Four:               Conviction was contrary to federal and constitutional law

Supporting grounds:        The state appellate court affirmed the conviction without considering the constitutionality of the whole record on appeal and the decision rendered was contrary to federal law, constitutional law and governing supreme court precedent. Where the jury irregularities throughout the trial and circumstances surrounding the removal of Juror Scott was so prejudicial that it warranted a mistrial.

(Habeas Petition, pp. 6-1 1).

Ground Five:               The PCR court made an unreasonable determination of facts when it failed to rule or make any factual finding pursuant to 17-27-80 at all on the issue of Petitioner's ineffective assistance of appellate counsel issue, "of Appellate counsel was ineffective for failing to raise the issue of insufficient of evidence to support the voluntary manslaughter conviction on direct appeal," thus in doing so denied petitioner his guarantee to constitutional effective assistance of appellate counsel.

(Issue raised in amended petition, Doc. 14).

## III. SUMMARY JUDGMENT

On September 18, 2008, the respondent filed a return and memorandum of law in support of their motion for summary judgment. As stated, petitioner filed a response in opposition on September 26, 2008, and respondent filed a reply on October 6, 2008. Petitioner filed a motion for summary judgment on October 22, 2008. Respondent filed a response in opposition on November 10, 2008, and petitioner filed a reply on November 24, 2008.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case,

8

on which that party will bear the burden of proof at trial.  <u>See</u> Fed. R. Civ. P. 56(c).  Where the

movant can show a complete failure of proof concerning an essential element of the non-moving

party's case, all other facts become immaterial because there can be "no genuine issue of material

fact."  In the <u>Celotex</u> case, the defendants are "entitled to judgment as a matter of law" under Rule

56(c) because the Petitioner has failed to make a sufficient showing on essential elements of his case

with respect to which he has the burden of proof.  <u>Celotex</u>, 477 U.S. at 322-323.


## IV.  STANDARD OF REVIEW

Since Hunter filed his petition after the effective date of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d),

as amended.  <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir.

1998); <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim--(1) resulted
> in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or (2) resulted in a decision that
> was based on an unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in <u>Green</u>, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent
> (supreme court) which is controlling as to law and fact, then the writ
> of habeas corpus should issue; if no such controlling decision exists,
> the writ should issue only if the state court's resolution of a question
> of pure law rests upon an objectively unreasonable derivation of legal
> principles from the relevant supreme court precedents, or if its
> decision rests upon an objectively unreasonable application of
> established principles to new facts. In other words, habeas relief is

> authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

See also Fitzgerald v. Greene, 150 F.3d 357, 362 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 156 (4th Cir. 1998); Cardwell v. Greene, 152 F.3d 331, 339 (4th Cir. 1998). In Williams v. Taylor, 163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review enunciated in Green, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Wilson v. Moore, 999 F. Supp. 783 (D.S.C. 1998).

## V. ARGUMENTS/ANALYSIS

### Ground One

In Ground One, petitioner raises the issue of ineffective assistance of counsel alleging counsel failed to disclose and advise him of the "advantages and disadvantages of pleading guilty or taking a trial in which he was "constitutionally required to do." (Petition). Respondent asserts that this issue has been preserved for review in that it was raised at PCR and on appeal in petitioner's pro se brief. However, respondent contends that petitioner is not entitled to relief because the record shows that the PCR judge properly rejected the claim. In his response, petitioner asserts that he was

not instructed the advantages and disadvantages of a plea versus a trial. Petitioner contends that based on counsels' own testimony that he was adamant about turning down the plea, that his brother had pleaded guilty so he was aware of the difference, and the fact that counsel Howle testified at PCR that he was so confident about not getting convicted that they did not "bother him with things like pleas" shows that counsel did not discuss the merits of entering a plea as opposed to standing trial. (Response).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A Petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance. (Emphasis added.)

In <u>Lockhart v. Fretwell</u>, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." <u>See</u> <u>Williams v. Taylor</u>, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting <u>Lockhart</u>, at 369-70).

A review of the PCR transcript reveals that trial counsel, Mr. Kilgo, testified as follows when asked about the history and negotiations between he and the state regarding a plea in the case:

A: Well, Mr. Hunter, all along said I didn't do it. Anytime I would take an offer to him, he got violent, not violent, but upset that I would even approach him with an offer. So, Ms. Blackmon made that offer for twenty-years, to my recollection. She also made a offer of fifteen-years. He refused them. Finally, I think on Friday morning of the trial he was offered ten years, and he turned that down.

Q: Did you explain to Mr. Hunter the risk of going to trial versus pleading guilty?

A: Yes, ma'am.

Q: Did he understand that?

A: He had a brother tha[t] had plead guilty the year before to volunteer manslaughter. So, he was familiar with what was going on.

Q: And, you explained all of these offers to him?

A:      Yes, ma'am.

(Tr. 958-959).

Upon cross examination, trial counsel testified that it was his obligation to go over any offers to plea and that upon relaying the plea offers to his client, he would turn them down and was adamant that he had no involvement. Mr. Kilgo testified as follows:

> Mr. Hunter understood the difference between a plea and trial. I went over it, I am sure Mr. Howle went over it. I know Lisa Carter was in the room when the offer of ten-years was made. The offer of ten-years was made after Judge Lockemy met with me, Ms. Blackmon, Mr. Howle, and suggested to the Solicitor that they try to work something out.

(Tr. 971).

Mr. Howle testified as follows:

The only time I was present, I am sure I would have been there was after the conclusion of the trial, and after there was just a horrible problem about possible contact with the juror, and juror tampering, and things of that nature to the point whenever we made, what I thought was a very good a motion for a mistrial, but I am not the judge. It was after that that the offer of ten-years was made, and that was orally communicated to Mr. Hunter. Mr. Hunter was extremely confident before trial and throughout the trial that he would not be convicted. When we tried to talk to Mr. Hunter about a possible plea, to try to do the pros and cons of the case, to possibly explain to him the likelihood of a conviction, and things of that nature, he was just confident he was not going to be convicted. So, we didn't even bother him with things about pleas.

(Tr. 975-976).

Mr. Howle went on to testify that the ten-year offer was made to petitioner and petitioner turned it down. (Tr. 976).

At the end of the PCR hearing, Judge Baxley stated the following to Mr. Hunter:

> Mr. Hunter, as I mentioned to you when we began this matter. There are two things that you have to prove at PCR. Number one, that your lawyer's performance was below standard, and number two that you were prejudiced by that. Now, I have listened to this testimony. I have reviewed the transcript which is quite substantial. I have also reviewed the pleadings in this case, and listened to discussion and arguments of counsel. I find that you have failed to meet either the burden of proof that you are required to meet. I do not find that Mr. Kilgo's performance failed below

13

the standard.

> I find that this was a contested case that you made a decision early not to go to trial. That you in making that decision declined certain plea offers that were made to you, which is absolutely your right.

(Tr. 983-984).

A review of the written Order denying PCR reveals the PCR judge, Judge Baxley, found the

following:

> He [Mr. Kilgo, trial counsel] testified the State made ten (10), fifteen (15), and twenty (20) year plea offers that he relayed to Applicant. Counsel testified that Applicant turned down the offers because he wanted a trial. Finally, counsel stated he recalled the Solicitor informing him that the testifying co-defendant would be entering a guilty plea.

> Applicant's second trial attorney, Newton I. Howle, Jr., Esquire, testified he made himself familiar with the evidence and discovery in this case and visited the crime scene in the two weeks before the trial. Mr. Howle stated he met with Applicant prior to trial. Counsel agreed with attorney Kilgo's opinion that the State had a strong case against Applicant. Mr. Howle testified he was present when the ten (10) year plea offer was conveyed to Applicant. Counsel stated Applicant was "very confident" that he would not be convicted and turned down the offer.

> . . .

> This Court finds Applicant's testimony is not credible, while also finding trial counsels' testimony credible. This Court finds trial counsel advised Applicant of the advantages and disadvantages of proceeding to trial, that Applicant rejected several plea offers, and that Applicant chose to have a jury trial. This Court notes there is mention in the record that Applicant had rejected prior plea offers of fifteen (15) and twenty (20) years. (Trial transcript, pp. 197-98).

(Tr. 990-992).

A state court's finding on a claim of ineffective assistance of counsel is a combination

of a finding of fact and a conclusion of law. Although applicable precedents may require this

court under 28 U.S.C. §2254, to make its own determination of both the performance and (if

necessary) the "prejudice" components highlighted in <u>Strickland</u>, 466 U.S. 668, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. <u>See</u> <u>Hoots v. Allsbrook</u>, 785 f.2d 1214, 1219 & n. 6 (4th Cir. 1986) ("old" § 22254(d) standard) and <u>Williams</u>, <u>supra</u>.

The undersigned has reviewed the record and concludes that respondent's motion for summary judgment should be granted on this issue. The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. Trial counsel testified that he went to petitioner with three different plea offers which he turned down insisting on a trial and that he was not involved in the alleged crime. According to trial counsel, he explained the difference between a plea and a trial.(Tr. 971). Additionally, as the PCR court found, there were several plea offers which petitioner rejected.

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of <u>Hill</u> and <u>Strickland</u> and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding." § 2254(d)(1), (2); <u>Williams</u>, <u>supra</u>. Thus, the undersigned recommends that the respondent's motion for summary judgment be granted on this issue.

**Ground Two**

In Ground Two of the habeas petition, petitioner asserts an issue of ineffective assistance of counsel for "failing to argue that the evidence in support of my conviction for voluntary manslaughter cannot be fairly characterized as sufficient to have led a rational trier of facts to find guilty beyond a reasonable doubt of all the essential elements of the charged crime." Respondent argues that this issue should be dismissed as the record supports the PCR judge's finding of facts and conclusions of law that "counsel were not deficient in any manner, nor was Applicant prejudiced by counsel's representation." (Tr. 993). Further, respondent asserts that several witnesses testified that petitioner and victim were in a dispute and the victim hit petitioner over the head with a gun, then left. Petitioner got into a car and followed eventually pinning victim to a tree, crushing him and causing him to suffocate from his injuries. (Tr. 684, 440, 443, 627-629, 651-654, 658-660, and 684-686). Thus, respondent asserts that evidence of a fight prior to a killing may be evidence of the necessary intent and provocation for voluntary manslaughter. Respondent cites to the South Carolina Supreme Court case, <u>State v. Knoten</u>, 555 S.E. 2d 391, 397 (2001) holding that there is no evidence that a significant period of time elapsed between the alleged knife attack and appellant striking the fatal blows and that there was simply no evidence that, as a matter of law,

appellant had sufficient time to cool. Respondent asserts that whether in this particular case there was sufficient "cooling time" is a question of fact as the evidence could tend to support either a continuing event or a cooling time. (Respondent's memorandum).

Petitioner argues in his response that there was a cooling off period that counsel should have argued to the judge on his motion after the verdict was read. Petitioner argues that based on witnesses' testimony, he waited a few minutes trying to calm down before getting in his car and striking the victim, thus not meeting the requirements for a verdict on voluntary manslaughter as it was not done in the heat of passion. Petitioner argues that the only instruction to the jury should have been for murder. (Response).

As discussed in more detail above, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant. Strickland , supra,

A review of the Order from the PCR hearing reveals that petitioner testified that trial counsel failed to challenge a lack of legal provocation in this case which should have been done because there was a "cooling off" period and that trial counsel erred in allowing the trial judge to charge the jury on the law of voluntary manslaughter when he only wanted a charge on murder. In the Order, it was also noted that Mr. Kilgo testified that the State had a strong case against petitioner based, in large part, on eyewitness testimony. Further, the PCR court

noted that trial counsel testified that he did not agree to the voluntary manslaughter charge, but that he discussed it with petitioner, and that he felt it was unnecessary to object to the voluntary manslaughter charge because it did not shift the burden of proof. The PCR judge found that "this Court has reviewed the trial transcript and does not find any error in the trial court's charge to the jury on the law of voluntary manslaughter." (Tr. 992). Thereafter, this issue was not specifically addressed. However, the PCR court found that petitioner failed to prove the first or second prong of the Strickland test and that "counsel were not deficient in any manner, nor was Applicant prejudiced by counsel's representation." (Tr. 993).

Claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As this claim pertains to jury instructions, this state law issue is not cognizable for federal habeas relief. The undersigned concludes that this was a state court decision based on a question of state law which is binding in Federal Court. Further, the undersigned does not find that the decision of the state courts was an objectively unreasonable decision.

In the case of State v. Knoten, 347 S.C. 296, 555 S.E.2d 391 (2001), the Supreme Court of South Carolina defined manslaughter as "the unlawful killing of another without malice." S.C.Code Ann. § 16-3-50 (Supp.2000); Carter v. State, 301 S.C. 396, 398, 392 S.E.2d 184, 185 (1990). The Court stated the following:

> Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation. Heat of passion alone will not suffice to reduce murder to voluntary manslaughter. Both heat of passion and sufficient

18

> legal provocation must be present at the time of the killing. The
> sudden heat of passion, upon sufficient legal provocation, which
> mitigates a felonious killing to manslaughter, while it need not
> dethrone reason entirely, or shut out knowledge and volition,
> must be such as would naturally disturb the sway of reason, and
> render the mind of an ordinary person incapable of cool
> reflection, and produce what, according to human experience,
> may be called an uncontrollable impulse to do violence. *State v.*
> *Cole,* at 101-02, 525 S.E.2d at 513 (internal citations omitted).

(State v. Knoten, 555 S.E. 2d at 394-395).

Substantial deference is to be given to the state court's findings of fact. Evans v.

Smith, 220 F.3d at 311-312 (4th Cir. 2000) ["we . . . accord state court factual findings a

presumption of correctness that can be rebutted only by clear and convincing evidence], *cert.*

*denied*, 532 U.S. 925 (2001). Thus, in a proceeding instituted by an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court, a

determination of a factual issue made by a State court shall be presumed correct.

In this case, the PCR courts discussion of the facts are as follows:

> This case arises from the death of Fletcher Alford. On the day of the incident,
> Applicant and the victim had several altercations. During the last altercation,
> the victim hit the Applicant in the head with a gun several times and then
> walked away. After Mr. Alford left the scene, Applicant followed him down
> the road in his vehicle. Applicant then chased the victim, who was on foot,
> through a field and pinned him to a tree with his vehicle. The victim died as
> a result of the injuries he sustained. (Trial transcript, pp. 684-686). Two
> occupants of the Applicant's car testified at trial, as well as, several
> eyewitnesses who observed the sequent of events. (Trial transcript, pp. 435-42;
> pp. 607-610; pp. 623-29; 644-46; pp.653-54; pp. 658-60).

(Tr. 989).

In sum, the record supports the PCR judge's conclusion that counsel, Kilgo and

Howle, were not ineffective. Further, petitioner has failed to show prejudice. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of <u>Strickland</u> and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. <u>Strickland</u>, <u>supra</u>. Thus, it is recommended that the respondent's motion for summary judgment be granted on this issue.

**<u>Ground Three</u>**

In Ground Three, petitioner asserts that the PCR judge erred in not addressing petitioner's claim that the trial judge lacked jurisdiction to sentence petitioner. Respondent argues that alleged errors in a state post-conviction action are not matters that may be addressed in federal habeas actions. Additionally, respondent argues that the claim involves a jurisdictional matter which is squarely a matter of state law and not cognizable in this action.

As this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. <u>See</u> <u>Wright v. Angelone</u>, 151 F.3d 151, 156-158 (4th Cir.).

As this issue pertains to errors in the PCR action, this issue should be dismissed.

Alleged defects in state PCR proceedings are not cognizable in a federal habeas action. Wright v. Angelone, 151 F.3d 151 (4th Cir.1998); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988) (holding that errors and irregularities in connection with state PCR proceedings are not cognizable on federal habeas review). Accordingly, it is recommended that this issue be dismissed.

## Ground Four

Petitioner asserts in Ground Four of his habeas petition that the "State appellate court affirmed the conviction without considering the constitutionality of the whole record on appeal." (Petition). Respondent asserts that though petitioner "references federal and constitutional law, he makes no reference to any specific federal law based claim, and, in fact, there is no federal constitutional right to appeal." (Memorandum).

It appears petitioner is arguing that the Court of Appeals did not consider the whole record on appeal. This issue is not proper on federal habeas review. Further, a review of the South Carolina Court of Appeals Order affirming the conviction reveals that the Court issued a decision which encompassed three pages of discussion on the issue raised by petitioner in his direct appeal after discussion of the facts and procedural background. Petitioner had counsel on his direct appeal. Additionally, petitioner did not appeal this decision. Accordingly, it is recommended that this issue be dismissed.

**Ground Five**

In Ground Five of the habeas petition, petitioner asserts that the PCR court made an unreasonable determination of the facts when it failed to rule or make any factual finding pursuant to the issue of his ineffective assistance of appellate counsel issue.

As this issue pertains to errors in the PCR action, this issue should be dismissed. Alleged defects in state PCR proceedings are not cognizable in a federal habeas action. Wright v. Angelone, supra; Bryant v. Maryland, supra. Accordingly, it is recommended that it be dismissed as it is not a cognizable claim in federal habeas.

## VI. CONCLUSION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (Doc. #17) be GRANTED and petitioner's petition for Writ of Habeas Corpus denied, and this petition dismissed.

It is further recommend that petitioner's motion for summary judgment (doc.#45) be DENIED and any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 27, 2009

Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**