IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darnell L. Hunter, # 260730, | ) | C/A NO. 4:08-1050-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden McKither Bodison, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On July 27, 2009, the Magistrate Judge issued a Report recommending that Petitioner's motion for summary judgment be denied, Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on August 17, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner's objections are merely repetitive of the arguments which were assessed and rejected by the Magistrate Judge, offering no persuasive legal authority to indicate the Magistrate Judge erred in his analysis of the motion and the petition. Petitioner repeatedly cites the case of *Boria v. Keane*, 99 F.3d 492 (2d Cir. 1996) to support his argument that trial counsel was ineffective. However, *Boria* is inapplicable here. Not only was the Magistrate Judge's assessment of the state court ruling correct under § 2254(d)(1), but Petitioner's assertions are belied by the record in this matter.[1]

---

[1]After the jury had been selected but before the trial began, the trial court conducted the following colloquy:

[Court:] Okay, now Madam Solicitor and Mr. Kilgo [defense counsel], I want to make sure, on the record, if I have any matters of plea negotiations that may have been entered into or may have been discussed. just that I make sure, on the record, that Mr. Hunter was aware of those things and proceeding[s] in this regard. Ms. Blackmon, what matters were negotiated or at least discussed?

[Solicitor:] Yes, Your Honor. Initially, there was an offer of voluntary [manslaughter] and fifteen [ ] years. Mr. Hunter indicated he wasn't interested in it. This was quite some time back. Last month I offered him voluntary [manslaughter] and twenty [ ] years. And that offered [sic] expired last Wednesday at 5:00. He knew that. At this point there is no offer on the table.

[Court:] All right. . . . [Counsel,] had you communicated to Mr. Hunter that the state, at one time, offered a plea to voluntary [manslaughter] with a cap of fifteen?

[Defense Counsel:] Yes, sir.

[Court:] Did you then communicate last Wednesday that now it was voluntary [manslaughter] and

2

Petitioner's motion for summary judgment is denied, Respondent's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 19, 2009

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\08-1050 Hunter v. Bodison adopt rr gr sumjgm.wpd

---

a cap of twenty [ ] and that offer was expiring?

[Counsel:] I gave him a copy of the letter [the Assistant Solicitor] wrote me.

[Court:] And, Mr. Hunter, did you, in fact, receive that information?

[Petitioner:] Yes, sir.

[Court:] And did you make the choice not to accept those offers?

[Petitioner:] Yes, sir.

[Court:] Those are your choices?

[Petitioner:] Yes, sir.

[Court:] You made those choices freely and voluntarily?

[Petitioner:] Yes, sir. . . .

Trial Trans. at 197-99 (Dkt. # 28-3 pp. 53-55, filed Sept. 18, 2008).